UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DAWN ABBOTT and BARRIE ARLISS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIVINGSOCIAL, Inc., a Maryland Corporation, d/b/a LivingSocial,<br><br>Defendant | No.<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

Plaintiffs Dawn Abbott and Barrie Arliss ("Plaintiffs"), for their Class Action Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, investigation conducted by their attorneys:

### I. Introduction

1. Plaintiffs' claims herein are based upon Defendant LivingSocial, Inc.'s (d/b/a LivingSocial) illegal practices related to its business selling online gift certificates.

2. LivingSocial is a company that sells gift certificates to consumers, as defined by RCW 19.240.010(4), (5). LivingSocial sells these gift certificates online throughout the United States, and targets specific cities in the State of Washington for the sale of certificates.

CLASS ACTION COMPLAINT - Page 1 of 13

CARNEY
GILLESPIE
ISITT

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445·0207
206 260·2486

3. LivingSocial violates Washington law by inducing consumers to buy gift certificates intended for use in the State of Washington, while knowing that its certificates contain expiration dates, which are forbidden under RCW 19.240.020. In fact, LivingSocial prints the illegal expiration dates in bold print on the face of its certificates. LivingSocial imposes other illegal restrictions on the use of its certificates as well. For example, LivingSocial states: "**Entire value must be used in one visit**" or similar language in bold print on the face of its certificates. LivingSocial also states: "No cash value/cash back" on the face of its certificates. These limitations are also clearly forbidden under RCW 19.240.020.

4. LivingSocial's deceptive business practices violate the Washington Consumer Protection Act (RCW 19.86 *et seq.*)("CPA") by unlawfully printing expiration dates and other limitations on the face of the certificates that its customers have purchased, and by falsely informing customers that they are not entitled to retain surplus value or use the certificates in multiple transactions. Customers are never informed that these restrictions are in direct violation of Washington law. On information and belief, many customers choose to forego using their certificates when the certificate shows on its face that it has already expired. On information and belief, many customers forego asking for a refund of any unused value of their certificate, based upon the **bolded** statement on the LivingSocial certificate: "**Entire value must be used in one visit.**" On information and belief, many customers forgo asking for a refund of any unused value of their certificate, based on the statement on the certificate: "No cash value/cash back." The result of these unfair and deceptive practices is that consumers are often deceived out of redeeming their certificates, or deceived to believe that they must redeem them at a reduced rate.

CLASS ACTION COMPLAINT - Page 2 of 13

CARNEY
GILLESPIE
ISITT

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

5. During the process of purchasing a gift certificate, LivingSocial does not fully disclose all of these stated restrictions to consumers. These stated restrictions in some cases confusingly conflict with statements within the LivingSocial "terms of use." This is a misleading marketing practice that violates RCW 19.86 *et seq.*

6. LivingSocial engages in these unfair and deceptive practices in an effort to maximize the number of customers who either never redeem their certificate because of the perceived expiration date (therefore losing the entire value of the certificate), and to maximize the number of customers who never redeem their certificate for its full value. It is well known in the gift certificate industry that a significant source of the benefit for a business selling gift certificates is that a substantial number of customer never redeem them. LivingSocial is seeking to maximize this "margin" in the gift certificate business by misleadingly encouraging consumers to never redeem their gift certificates, or to redeem them for less than the full value to which they are entitled under law.

7. LivingSocial's conduct also violates federal law, specifically 15 U.S.C. § 1693(l)(1)-(m). This federal statute, which went into effect in early 2010, flatly prohibits the sale of gift certificates that are subject to an expiration date of less than five years. LivingSocial is in clear violation of this statute.

8. Plaintiffs brings this action on behalf of themselves and a Class and Subclass of individuals seeking injunctive relief, damages, and reasonable costs and attorneys' fees for Defendant's violations of federal law, the CPA, unjust enrichment, and such other and further relief as the Court deems equitable and just.

CLASS ACTION COMPLAINT - Page 3 of 13

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

## II. Facts of the Claim

1. Defendant offers its services to consumers throughout the State of Washington and the nation.

2. LivingSocial offers daily deals on certificates redeemable to a variety of different merchants.

3. The consumer agrees to purchase the certificate for a specified price. The certificate is then issued to the consumer, invariably containing an unlawful expiration date and the restriction that the entire value of the certificate must be used in one transaction.

4. The unlawful expiration dates and redemption conditions LivingSocial imposes on its customers results in unjust gains for LivingSocial to the detriment of the consumer. Furthermore, on information and belief, Defendant has knowledge of the illegality of their actions, through, *inter alia*, its customer service interactions, which reveal complaints about Defendant's inclusion of illegal expiration dates.

## III.  Parties

1. **Plaintiff Dawn Abbott:** Plaintiff is a resident of Seattle, Washington. Plaintiff purchased LivingSocial gift certificates from Defendant within the last three years.

2. **Plaintiff Barrie Arliss:**  Plaintiff is a resident of Seattle, Washington. Plaintiff purchased LivingSocial gift certificates from Defendant in 2010 and 2011.

3. **Defendant LivingSocial, Inc. d/b/a LivingSocial:** LivingSocial is an internet seller of gift certificates. LivingSocial is a Delaware corporation with its principal place of business at 829 7th St., Suite 301, Washington DC, 20001. LivingSocial does business throughout the State of Washington and the nation.

CLASS ACTION COMPLAINT - Page 4 of 13



CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

## IV. Jurisdiction and Venue

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the case raises questions of federal law, and 28 U.S.C. § 1332. The Court has jurisdiction over the state claims pursuant to 28 U.S.C. § 1367. The Court has personal jurisdiction over the Defendant because it is conducting business in the State of Washington, has minimum contacts with the State, and sufficiently avails itself to the markets of this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

## V. Class Allegations

1. Plaintiffs seek certification of a class and Subclass as defined below.

   (a) **The Expiration Class:** All persons who purchased or acquired a gift certificate from LivingSocial with an expiration date of less than five years from the date of purchase.

   (b) **The Surplus Value Subclass:** All members of the class who purchased a gift certificate and were unlawfully required to either surrender surplus value after their purchase using the certificate or who were induced to accept goods and/or services they did not want in order to exhaust the full value of the certificate, thereby depriving them of the full face value of the certificate.

   Excluded from the Class and Subclass are (i) any judge presiding over this action and members of their families; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (iii) persons who properly execute and file a

CLASS ACTION COMPLAINT - Page 5 of 13

CARNEY GILLESPIE ISITT

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

timely request for exclusion from the Class; and (iv) the legal representatives, successors or assigns of any such excluded persons.

2. **Numerosity:** The exact number of Class members is unknown to Plaintiffs at this time, but on information and belief, Defendant has contracted with thousands of Class members throughout the State of Washington and the nation, making joinder of each individual member impracticable. Ultimately, the Class and members will be easily identified through Defendant's records.

3. **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members.

These common questions include but are not limited to:

(a) Whether Defendant sold gift certificates to members of the Class and Subclass containing an expiration date and other restrictions in violation of Washington and federal law;

(b) Whether Defendant's practices violate the CPA;

(c) Whether Defendant's practices violate 15 U.S.C. § 1693;

(d) Whether Defendant's practices violate the public policy of the State of Washington;

(e) Whether Defendant was unjustly enriched as a result of receiving payments from Plaintiffs, the Class and Subclass; and

(f) Whether Plaintiffs, the Class, and Subclass are entitled to relief, and the nature of such relief.

CLASS ACTION COMPLAINT - Page 6 of 13

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

4.      **Typicality:** Plaintiffs' claims are typical of the claims of the other members of the Class and Subclass. Plaintiffs, the Class, and Subclass sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiffs, the Class, and Subclass.

5.      **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclass, and have retained counsel competent to litigate this action. Plaintiffs have no interests antagonistic to those of the Class or Subclass, and Defendant has no defenses unique to Plaintiffs.

6.      **Appropriateness:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class and Subclass is impracticable. The damages suffered by the individual members of the Class and Subclass will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class and Subclass to obtain effective relief from Defendant's misconduct. Even if members of the Class and Subclass could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

7.      **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to

CLASS ACTION COMPLAINT - Page 7 of 13



CARNEY
GILLESPIE
ISITT

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445•0207
F 206 260•2486

the Class and Subclass, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making final injunctive relief appropriate with respect to the Class and Subclass as a whole. Defendant's policies challenged herein apply and affect members of the Class and Subclass uniformly and Plaintiffs' challenge of these policies hinges on Defendant's conduct with respect to the Class and Subclass as a whole, not on facts or law applicable only to Plaintiffs.

8. Plaintiffs reserve the right to revise the Class and Subclass definitions based upon information learned through discovery.

## VI. Amount in Controversy

Plaintiffs make no specific allegations that the amount in controversy (including requests for attorneys' fees, injunctive and other relief) exceeds any specific dollar amount, let alone $5,000,000.

## VII. Claims

**Count 1: Declaratory Relief**

**(On behalf of Plaintiffs, the Class, and Subclass)**

1. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

2. There exists an actual controversy between Plaintiffs, the Class and Subclass on the one hand, and Defendant on the other, to the extent Defendant's sales and issuance of gift certificates are contrary to Washington law and public policy.

3. As explained *infra*, Defendant's agreements with Plaintiffs, the Class and Subclass violate the Washington Consumer Protection Act by, *inter alia*, selling gift certificates that purport to have expiration dates and unlawfully restricting redemption to a single transaction.

CLASS ACTION COMPLAINT - Page 8 of 13

CARNEY GILLESPIE ISITT
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445·0207
206 260·2486

4. Defendant's sales of gift certificates with expiration dates and redemption restrictions to Plaintiffs, the Class and Subclass are contrary to applicable Washington and federal law and are therefore void as against Washington public policy.

5. Plaintiffs, the Class and Subclass have tangible legal interests in the instant controversy, including but not limited to:

    (a) Their interest in receiving full value of the certificates they purchased from Defendant without regard to unlawful expiration dates and single-transaction redemption restrictions; and

    (b) Their interest in obtaining injunctive relief so that Defendant does not in the future employ deceptive practices or violate federal law in its business dealings with consumers.

6. Plaintiffs, the Class and Subclass seek injunctive relief prohibiting Defendant from refusing to honor certificates, and to prevent Defendant from continuing its unlawful, unfair and deceptive business practices as described in this Complaint.

**Count II: Violation of the Washington Consumer Protection Act**

**(On behalf of Plaintiff, and Class and Subclass members who are residents of the State of Washington)**

1. Plaintiffs incorporate the foregoing allegations as fully set forth herein.

2. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

3. Defendant engages in numerous unfair or deceptive practices in violation of the Consumer Protection Act, including but not limited to: (1) marketing and selling LivingSocial that

CLASS ACTION COMPLAINT - Page 9 of 13

CARNEY GILLESPIE ISITT
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
T 206 445·0207
F 206 260·2486

are subject to purported expiration dates which violate state and federal law, (2) marketing and selling certificates with purported explicit restrictions, such as those stating: "**Entire value must be used in one visit**" and "No cash value and no cash back," which restrictions violate state law, (3) marketing and selling gift certificates with terms on the face of the certificate that confusingly contradict terms contained in LivingSocial's own terms of use, thereby misleadingly obfuscating the contents and meaning of the terms of use and the restrictions on the certificates.

4. The result of these unfair and deceptive practices is that members of the Class and Subclass have been deprived of the full value of the certificate to which they are legally entitled under Washington law, and have either discarded certificates that they were deceived into believing had "expired," or have been deceived into either giving up some portion of the value of the certificate or accepting delivery of goods and/or services that they did not want for the sole purpose of receiving some approximation of full value of the certificate. Defendant's unfair and deceptive business practices have therefore caused economic harm to Plaintiffs, the Class, and the Subclass.

**Count III: Violation of the RCW 19.240.020: Expiration, Surplus Value**

**(On behalf of Plaintiff, Class and Subclass members who are residents of the State of Washington)**

1. Plaintiffs incorporate the foregoing allegations as fully set forth herein.

2. RCW 19.240.020 prohibits the sale or issuance of a gift certificate containing an expiration date. It also requires that when a purchase is made with a gift certificate for an amount that is less than the value of the gift certificate, the issuer must make the remaining value available to the bearer in cash or as a gift certificate at the option of the issuer.

3. Defendant sold gift certificates to Plaintiffs, the Class, and Subclass that are represented

CLASS ACTION COMPLAINT - Page 10 of 13

CARNEY GILLESPIE ISITT

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

by Defendant to have expiration dates, which is unlawful under Washington law (RCW 19.240.020(1)(a)). Similarly, the face of the certificates indicates that the consumer must use the full value of the certificate during a single transaction and that no residual value will be returned to the consumer. This violates RCW 19.240.020(3).

4. The result of these unfair and deceptive practices is that members of the Class and Subclass have been deprived of the full value of the certificate to which they are legally entitled under Washington law, and have either discarded certificates that they were deceived into believing had "expired," or have been deceived into either giving up some portion of the value of the certificate or accepting delivery of goods and/or services that they did not want for the sole purpose of receiving some approximation of full value of the certificate. Defendant's unfair and deceptive business practices have therefore caused economic harm to Plaintiffs, the Class, and the Subclass.

**Count IV: Violation of 15 U.S.C. § 1693**

**(On behalf of Plaintiff, the Class, and Subclass)**

1. Plaintiffs incorporate the foregoing allegations as fully set forth herein.

2. 15 U.S.C. § 1693 prohibits the sale or issuance of gift certificates subject to expiration dates, unless the expiration date is 5 years or greater and is conspicuously stated on the gift certificate.

3. LivingSocial has sold gift certificates to members of the class that conspicuously state an expiration dates of less than five years. These gift certificates clearly violate federal law.

4. The result of this illegal conduct is that members of the Class and Subclass have been deprived of the full value of the certificate to which they are legally entitled, and have discarded certificates that they were deceived into believing had "expired." Pursuant to 15 U.S.C. § 1693(m),

CLASS ACTION COMPLAINT - Page 11 of 13

CARNEY GILLESPIE ISITT

100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445•0207
206 260•2486

such consumers are entitled to actual and liquidated damages. Defendant's illegal business practices have therefore caused economic harm to Plaintiffs, the Class, and the Subclass.

**Count V: Restitution/Unjust Enrichment**

**(On behalf of Plaintiffs, the Class, and Subclass)**

1. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

2. Defendant has knowingly received and retained benefits from Plaintiffs, the Class, and Subclass under circumstances that would render it unjust to allow Defendant to retain such benefits.

3. Under principles of equity and good conscience, Defendant should not be permitted to retain the monies belonging to Plaintiffs, the Class, and Subclass that they were paid in the form of payment for gift certificates and that Defendant unjustly received as a result of its misconduct alleged herein. As result of Defendant's unlawful acts and conduct, Plaintiffs and Class members were deprived of the use of their money that was unlawfully charged and collected by Defendants, and are therefore entitled to reimbursement of any money unjustly paid to Defendants in connection with the sale of LivingSocial gift certificates.

### IX.  Prayer for Relief

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class and Subclass, pray that the Court enter an order and judgment in their favor and against Defendant as follows:

(a) Certifying this case as a class action, and designating Plaintiffs as Class Representatives and their attorneys as Class Counsel;

(b) Declaring Defendant's conduct in the sale of gift certificates to Plaintiffs, the Class and Subclass to be illegal under State and Federal law, and granting injunctive relief as

CLASS ACTION COMPLAINT - Page 12 of 13

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445·0207
206 260·2486

necessary to protect the Plaintiffs, Class, and Subclass and to prohibit the continuing conduct of LivingSocial's business in ways that violate State and Federal law;

(c) Awarding actual, compensatory, punitive, and liquidated damages to Plaintiffs, the Class, and Subclass in an amount to be proven at trial;

(d) For an order requiring Defendant to pay restitution for monies wrongfully acquired from the Plaintiffs, the Class, and Subclass members.

(e) Granting equitable and injunctive relief to Plaintiffs, the Class, including restitution, disgorgement, and an accounting of all revenue gained by Defendant through its unlawful conduct alleged herein;

(f) Awarding Plaintiffs, the Class, and Subclass reasonable costs and attorneys' fees;

(g) Awarding Plaintiffs, the Class, and Subclass pre- and post-judgment interest; and

(h) Granting such other and further relief as the Court deems equitable and just.

## X.   DEMAND FOR JURY TRIAL

Plaintiffs request trial by a jury of 12 members of all matters that can be so tried.

Dated this February 14, 2011.

Respectfully submitted,

CARNEY GILLESPIE ISITT PLLP



Christopher Carney, WSBA No. 30325
Sean Gillespie, WSBA No. 35365
Kenan Isitt, WSBA No. 35317
CARNEY GILLESPIE & ISITT PLLP
Jay Carlson, WSBA No. 30411
CARLSON LEGAL
Attorneys for Plaintiffs

CLASS ACTION COMPLAINT - Page 13 of 13

CARNEY GILLESPIE ISITT PLLP
100 W. HARRISON ST. SUITE N440
SEATTLE, WA 98119
206 445·0207
206 260·2486